WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DONNA MONAHAN, personal representative of the Estate of BRENDA MONAHAN, a/k/a/ CYNTHIA MONAHAN,<br><br>      Plaintiff,<br><br> vs.<br><br>COUNTRY MUTUAL INSURANCE COMPANY,<br><br>      Defendant. | No. 3:22-cv-00125-HRH |

O R D E R

Motion for Summary Judgment

Defendant Country Mutual Insurance Company moves for summary judgment.[1] This motion is opposed by plaintiff Donna Monahan, personal representative of the Estate of Brenda Monahan.[2] Defendant has replied.[3] Oral argument was not requested and is not deemed necessary.

Background

On April 26, 2021, there was a building fire at the Campbell View Condominiums in Anchorage.[4] The fire, caused by a cigarette that was discarded into a flower box, started on the

---

[1] Docket No. 35; see also Docket No. 36.

[2] Docket No. 44.

[3] Docket No. 46.

[4] Incident Report at 1, Exhibit A, Motion for Summary Judgment, Docket No. 35.
1

balcony of a unit on the first floor.[5] Brenda Monahan ("Monahan") owned and lived in the third-floor unit directly above the unit where the fire started.[6] Monahan was in her unit during the fire. Anchorage Fire Department ("AFD") was notified that there was a disabled person stuck in the building and attempted a rescue.[7] AFD found Monahan unconscious in her dining room amidst high heat and heavy smoke.[8] AFD brought Monahan out of the unit, where she was evaluated and determined to be deceased.[9] The cause of death was smoke inhalation from the fire.[10]

Defendant had issued a business owner's policy to the Campbell View Condominium Association that was effective at the time of the fire.[11] Plaintiff made a claim against defendant for medical expenses connected to the fire.[12]

The policy, which covered the building structures of the condominium complex, provided two types of coverage: (1) business liability and (2) medical expenses.[13] The business liability coverage provided that defendant "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury', 'property damage' or 'personal and advertising injury' to which this insurance applies."[14] The medical expenses coverage provided

---

[5] Id. at 14; Declaration at 31, Exhibit D, Notice of Removal, Docket No. 1.

[6] Declaration at 31-32, Exhibit D, Notice of Removal, Docket No. 1; Complaint at 3, ¶ 1, Exhibit A, Notice of Removal, Docket No. 1.

[7] Incident Report at 11, Exhibit A, Motion for Summary Judgment, Docket No. 35.

[8] Id.

[9] Id. at 18.

[10] Id. at 17.

[11] Policy, Exhibit B, Motion for Summary Judgment, Docket No. 35.

[12] See Letter Re: Claim Number 600-0344037, Exhibit F, Notice of Removal, Docket No. 1.

[13] Policy at 69, 103-05, Exhibit B, Motion for Summary Judgment, Docket No. 35.

[14] Id. at 103.

that defendant "will pay medical expenses [up to $5,000.00] . . . for 'bodily injury' caused by an accident . . . [o]n premises you own or rent[.]"[15]

The policy provides that its medical expenses coverage is subject to certain exclusions. Specifically, the policy provides that defendant "will not pay expenses for 'bodily injury' . . . [t]o any insured, except 'volunteer workers[,]' . . . [or] [t]o a person injured on that part of the premises you own or rent that the person normally occupies."[16] There is a condominium association coverage endorsement to the policy that includes the following definition of an insured: "[e]ach individual unit-owner of the insured condominium, but only for liability arising out of the ownership, maintenance or repair of that portion of the premises which is not reserved for that unit-owner's exclusive use or occupancy."[17]

On February 14, 2022, Defendant denied plaintiff's claim for medical payments.[18] In a written letter explaining the reasons for the denial, defendant cited the exclusions applicable to the policy's medical expenses coverage and observed that the denial was based on Monahan's status as a resident of a unit of the Campbell View Condominiums.[19]

On April 14, 2022, Plaintiff commenced this action in state court.[20] Defendant removed the action based on diversity jurisdiction.[21] Plaintiff's complaint contains two counts. Count 1 is

---

[15] Id. at 11, 105.

[16] Id. at 111.

[17] Id. at 153.

[18] Letter Re: Claim Number 600-0344037, Exhibit F, Notice of Removal, Docket No. 1.

[19] Id.

[20] Complaint at 10, Exhibit A, Notice of Removal, Docket No. 1.

[21] Docket No. 1.

a claim for medical payments under the Policy's medical expenses coverage.[22] Count 2 is a claim for wrongful death damages under the Policy's business liability coverage.[23]

Defendant now moves for summary judgment on both claims. Plaintiff opposes summary judgment as to Count 1.[24] Plaintiff concedes that summary judgment for defendant is appropriate as to Count 2 because it is an impermissible attempt to bring a direct action against defendant based solely on the alleged torts of its insured, *i.e.*, the condominium association or the owner of the unit where the fire started.[25]

Discussion

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The initial burden is on the moving party to show that there is an absence of genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). A genuine issue of material fact exists if the evidence would allow a reasonable fact-finder to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the moving party meets its initial burden, then the non-moving party must set forth specific facts showing that there is a genuine issue for trial. *Id.* at 247-48. In deciding a motion for summary judgment, the court views the evidence of the non-movant in the light most favorable to that party, and all justifiable inferences are also to be drawn in its favor. Id. at 255. " '[T]he court's ultimate inquiry is to determine whether the 'specific facts' set forth by the nonmoving party, coupled with undisputed

---

[22] Complaint at 6, ¶¶ 14-16, Exhibit A, Notice of Removal, Docket No. 1.

[23] Id. at 6-7, ¶¶ 17-20.

[24] Docket No. 44 at 2-4.

[25] Id. at 1-2; *see also* Complaint at 6, ¶ 19, Exhibit A, Notice of Removal, Docket No. 1; *Evron v. Gilo*, 777 P.2d 182, 187 (Alaska 1989) (holding that a direct action could not be maintained by a victim against a liability insurer).

4

Case 3:22-cv-00125-HRH   Document 47   Filed 10/18/23   Page 4 of 7

background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence.' " Arandell Corp. v. Centerpoint Energy Servs., Inc., 900 F.3d 623, 628-29 (9th Cir. 2018) (quoting T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987)).

Count 1

Count 1 is a claim for medical payments under the policy's medical expenses coverage. In relevant part, this coverage provides for the payment of medical expenses for " 'bodily injury' caused by an accident . . . [o]n premises you own or rent . . . or . . . [b]ecause of your operations."[26] The policy limits any recovery of medical expenses to a maximum of $5,000 per person.[27] The policy also excludes from its medical expenses coverage any "bodily injury" expenses for certain individuals, including: (1) "any insured, except 'volunteer workers' "; and (2) "a person injured on that part of premises you own or rent that the person normally occupies."[28] Defendant explained that plaintiff's medical payments claim was subject to a coverage exclusion because Monahan was a resident of a unit of the Campbell View Condominiums.[29] In its motion for summary judgment, defendant contends that Monahan was an insured under the policy and that the exclusion for medical payments to "any insured, except 'volunteer workers' " thus applies.[30] Plaintiff disputes that Monahan was an insured, rendering this exclusion inapplicable.[31] Plaintiff further asserts that the exclusion for medical payments to

---

[26] Policy at 105, Exhibit B, Motion for Summary Judgment, Docket No. 35.

[27] Id. at 11.

[28] Id. at 111.

[29] Letter Re: Claim Number 600-0344037, Exhibit F, Docket No. 1.

[30] Docket 36 at 9-10.

[31] Docket 44 at 3.

"a person injured on that part of the premises you own or rent that the person normally occupies" similarly does not apply because that exclusion is ambiguous and should therefore be construed against defendant.[32]

Although ambiguous insurance policies are to be interpreted in favor of the purported insured, "the mere fact that two parties to an insurance contract have differing subjective interpretations of that contract does not make it ambiguous." Dugan v. Atlanta Cas. Cos., 113 P.3d 652, 655 (Alaska 2005). "Rather, ambiguity exists 'only when the contract, taken as a whole, is *reasonably* subject to differing interpretations.' " Id. (quoting U.S. Fire Ins. v. Colver, 600 P.2d 1, 3 (Alaska 1979)). To determine whether ambiguity exists, the court examines the "reasonable expectations of the contracting parties." Id. (internal quotation marks omitted). Reasonable expectations may arise "from the language of the disputed provisions, other provisions, and relevant extrinsic evidence[.]" Id. (internal quotation marks omitted).

Defendant did not specify which exclusion it relied on in denying plaintiff's claim for medical payments. But it is nevertheless clear that there are no material facts in dispute, and that plaintiff's medical payments claim is subject to the "any insured" exclusion. The policy contains a section titled "Liability" which describes the policy's two types of coverage—business liability and medical expenses—and defines who is an insured.[33] Pursuant to the policy and the condominium association endorsement that modifies it, among those who are insured is "[e]ach individual unit-owner of the insured condominium, but only for liability arising out of the ownership, maintenance or repair of that portion of the premises which is not reserved for that

---

[32] Id. In the complaint, plaintiff advanced the argument that this other exclusion is unlawful, citing Alaska Statute 34.08.440 and the Association's policy declaration. Complaint at 6, ¶ 15, Exhibit A, Notice of Removal, Docket No. 1. In her opposition to defendant's motion for summary judgment, however, plaintiff appears to abandon this argument. See Docket No. 44 at 3.

[33] Policy at 103-05, 113-14, Exhibit B, Motion for Summary Judgment, Docket No. 35.

unit-owner's exclusive use or occupancy."[34] Monahan was a unit-owner of the Campbell View Condominiums and the medical expenses at issue were necessitated by a fire that started elsewhere in the condominium building.[35] Monahan was therefore unambiguously an insured for purposes of the policy's coverage. Because Monahan was an insured and not a "volunteer worker," plaintiff's claim for medical payments was subject to the "any insured" exclusion. Therefore, plaintiff may not recover medical payments pursuant to the policy's medical expenses coverage. As a result, the court need not determine whether plaintiff's medical payments claim is also subject to any other exclusion. Defendant is entitled to summary judgment on Count 1.

Count 2

As set out above, plaintiff has withdrawn Count 2. Therefore, defendant is entitled to summary judgment on this count.

Conclusion

Defendant's motion for summary judgment is granted. Plaintiff's complaint is dismissed with prejudice.

DATED at Anchorage, Alaska, this 18th day of October, 2023.

/s/ H. Russel Holland
United States District Judge

---

[34] Id. at 113-14, 153.

[35] Complaint at 3-4, ¶¶ 1, 5, Exhibit A, Docket No. 1; Incident Report at 14, Exhibit A, Motion for Summary Judgment, Docket No. 35.